**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **RREF WB ACQUISITIONS, LLC** | ) | Case No. |
| **850 Third Avenue, Suit 16B** | ) | |
| **New York, New York  10022** | ) | |
| | ) | **Judge:** |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT FOR BREACH OF** |
| | ) | **CONTRACTS, APPOINTMENT OF** |
| **PARADISE HOSPITALITY, INC.** | ) | **A RECEIVER, AND OTHER** |
| **Dae In Kim, Statutory Agent** | ) | **RELIEF** |
| **4657 Rancho Sierra Bend** | ) | |
| **San Diego, California  92130** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DAE IN KIM** | ) | |
| **4657 Rancho Sierra Bend** | ) | |
| **San Diego, California  92130** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JANE KIM** | ) | |
| **4657 Rancho Sierra Bend** | ) | |
| **San Diego, California  92130** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff RREF WB Acquisitions, LLC ("RREF"), for its Complaint against Defendants Paradise Hospitality, Inc. ("Paradise"), Dae In Kim ("D. Kim") and Jane Kim ("J. Kim") states as follows:

## NATURE OF ACTION

1.      This is an action for breach of contracts, appointment of a receiver, and other relief related to two commercial loans issued to facilitate the purchase and renovation of a hotel located at 444 North Summit Street, Toledo, Ohio and formerly known as the Crowne Plaza Hotel (the "Property").

2.      The first loan is dated March 5, 2007 from Wilshire State Bank to Paradise Hospitality, Inc. in the original principal amount of $4,400,000 (the "March 2007 Loan").[1]

3.      The second loan is dated August 29, 2007 from Wilshire State Bank to Paradise Hospitality, Inc. in the original principal amount of $5,850,000 (the "August 2007 Loan").

4.      Wilshire State Bank Assigned all of its interests in the March 2007 and August 2007 Loans to RREF on or about June 27, 2011.

5.      RREF is the holder of the promissory notes, loan agreements, and other loan documents for each of the loans described above (the "March 2007 Loan Documents" and "August 2007 Loan Documents" respectively).  Defendants D. Kim and J. Kim are guarantors of the indebtedness for each of the loans.  Defendants D. Kim and J. Kim also hold an ownership interest in Paradise, the borrower under each of the loans.

6.      Both loans are in default.  As described with more particularity below, Paradise has, among other things, failed to make required payments of principal and interest related to the August 2007 Loan and has failed to pay the amounts due upon that loan's maturity, in violation

---

[1] Due to the Lender's advancement of $400,000 to Paradise in May 2011 for unpaid tax liabilities, the total principal owing under the March 2007 Loan is approximately $4,501,928.57.

of the August 2007 Loan Documents. Further, Paradise has failed to make required payments of interest related to the March 2007 Loan in violation of the March 2007 Loan Documents, has failed to pay local, state and federal taxes in violation of both sets of Loan Documents, and has failed to maintain its Crowne Plaza franchise in violation of the August 2007 Loan Documents. As a result of these defaults, the amounts owing under both loans are accelerated and RREF is entitled to enforce its rights under the Loan Documents, as more fully described below.

## PARTIES

7.      RREF is a Delaware limited liability company. RREF is the current lender and holder of the Loan Documents for the March 2007 and August 2007 Loans.

8.      Paradise Hospitality, Inc. is a California corporation.

9.      D. Kim is an adult individual residing at 4657 Rancho Sierra Bend, San Diego, California 92130. D. Kim is a guarantor of indebtedness for the Loans pursuant to the guaranty agreements identified with more particularity below and was the President of Paradise at all pertinent times.

10.     J. Kim is an adult individual residing at 4657 Rancho Sierra Bend, San Diego, California 92130. J. Kim has signed various August 2007 Loan Documents as a guarantor of indebtedness for the Loans and was the Secretary of Paradise at all pertinent times.

## Jurisdiction and Venue

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332; this is an action between citizens of different states, and Plaintiff seeks relief with a present monetary value, exclusive of costs and interest, in excess of $75,000.

12.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(a). Many of the acts and transactions alleged herein occurred in this judicial District. Furthermore, the Loan

Documents specify venue is proper in this judicial District and the Property is located in this judicial District.

## <u>The March 2007 Loan</u>

13.     As explained above, Wilshire State Bank assigned its interest in the March 2007 Loan to RREF.  The March 2007 Loan was evidenced and secured by, among other things, the following instruments and documents executed by Paradise (and/or in some instances, D. Kim, as indicated below):

(a)     a certain Promissory Note dated March 5, 2007 in the original principal amount of $4,400,000, a true and accurate copy of which has been filed as Exhibit 1 and is incorporated herein by reference;

(b)     a certain Loan Agreement dated March 5, 2007 for a loan in the principal amount of $4,400,000 (the "March 2007 Loan Agreement"), a true and accurate copy of which has been filed as Exhibit 2 and is incorporated herein by reference;

(c)     a certain Open-End Mortgage and Security Agreement dated March 5, 2007 and recorded in the Lucas County Recorder's office on March 8, 2007 as Document No. 20070308-0013768 securing the March 2007 Loan and the March 2007 Note (the "March 2007 Mortgage") and granting a mortgage lien and other rights in the real property situated at 444 North Summit Street, Toledo, Ohio and described with more particularity in the March 2007 Mortgage (the "Property"), a true and accurate copy of which Mortgage has been filed as Exhibit 3.  A true and accurate legal description of the Property has been filed as Exhibit A to Exhibit 3.  These documents are incorporated herein by reference;

(d)     a certain Assignment of Rents and Lessor's Interest in Leases, dated March 5, 2007 and recorded with the Lucas County Recorder on March 8, 2007 as Document No. 20070308-0013769 (the "March 2007 Assignment of Leases"), a true and accurate copy of which has been filed as Exhibit 4 and is incorporated herein by reference;

(e)     a certain Collateral Assignment of Management Agreement and Subordination Agreement dated March 5, 2007 (the "March 2007 Assignment of Management"), a true and accurate copy of which has been filed as Exhibit 5 and is incorporated herein by reference.

(f)     a certain Security Agreement dated March 5, 2007, securing, among other things, Paradise's obligations under the March 2007 Loan Agreement and

- 4 -

March 2007 Promissory Note and granting rights in Certain Personal Property, Accounts Receivable and other assets of Paradise, a true and accurate copy of which has been filed as Exhibit 6 and is incorporated herein by reference;

(g)     a certain Personal Guaranty executed by Dae In Kim dated March 5, 2007 (the "March 2007 Guaranty"), a true and accurate copy of which has been filed as Exhibit 7 and is incorporated herein by reference.

14.     RREF is the current owner and holder of the March 2007 Note, the March 2007 Loan Agreement, the March 2007 Mortgage, the March 2007 Assignment of Leases, the March 2007 Assignment of Management, the March 2007 Security Agreement, the March 2007 Environmental Indemnity Agreement, the March 2007 Guaranty and all other March 2007 Loan Documents.  The March 2007 Loan Documents were originally executed in favor of non-party Wilshire State Bank ("Wilshire") but were subsequently assigned to RREF.

15.     The total amount owed by Paradise and D. Kim, jointly and severally, to RREF under the March 2007 Loan Documents is $4,825,149.81 as of October 14, 2011.  This total includes $4,101,928.57 in principal attributable to the original loan, $50,000 in principal attributable to the advance made by the Lender on May 19, 2011 to cover tax liabilities, $350,000 in principal attributable to the advance made by the Lender on May 26, 2011 to cover tax liabilities, interest at the Note Rate at 3.75% from January 5, 2011 to February 5, 2011, then interest at the default rate of 8.75% through October 14, 2011,[2] as well as one late fee of 5% against the first missed payment on February 5, 2011 (the "March 2007 Indebtedness").

16.     Paradise and D. Kim jointly and severally owe the March 2007 Indebtedness to RREF.  The entire amount of the March 2007 Indebtedness is presently due and payable to RREF.

---

[2] This equates to a per diem interest rate of $1,189.29 per day for 251 days.

## The August 2007 Loan Documents

17.     Non-party Wilshire extended another loan to Paradise, dated August 2007, evidenced and secured by, among other things, the following instruments and documents executed by Paradise (and/or in some instances, D. Kim and/or J. Kim, as indicated below):

(a)     a certain Promissory Note dated August 29, 2007 in the original principal amount of $5,850,000 evidencing the August 2007 Loan (the "Note"), a true and accurate copy of which has been filed as Exhibit 8 and is incorporated herein by reference.

(b)     a certain Loan Agreement dated August 29, 2007 (the "August 2007 Loan Agreement"), a true and accurate copy of which has been filed as Exhibit 9 and is incorporated herein by reference;

(c)     a certain Open-End Mortgage and Security Agreement dated August 29, 2007 and recorded in the Lucas County Recorder's office on August 31, 2007 as Document No. 20070831-0052326, securing the August 2007 Loan and the August 2007 Note (the "August 2007 Mortgage") and granting a mortgage lien and other rights in the Property, a true and accurate copy of which has been filed as Exhibit 10 and is incorporated herein by reference;

(d)     a certain Security Agreement dated August 29, 2007 and granting a security interest in Paradise's obligations under the August 2007 Loan Agreement and August 2007 Promissory Note and granting rights in Certain Personal Property, Accounts Receivable and other assets of Paradise, a true and accurate copy of which has been filed as Exhibit 11 and is incorporated herein by reference;

(e)     a certain Guaranty dated August 29, 2007 (the "August 2007 Guaranty") and executed by Dae In Kim, individually and guaranteeing Paradise's performance under the August 2007 Loan Documents, a true and accurate copy of which has been filed as Exhibit 12 and is incorporated herein by reference; and

(f)     a certain Notice of Final Agreement dated March 19, 2010 (the "Notice of Agreement") and a certain Reaffirmation Agreement dated June 22, 2010, (the "June 2010 Reaffirmation") both executed by Jane Kim, individually and guaranteeing Paradise's performance under the August 2007 Loan Documents; true and accurate copies of both have been filed as Exhibits 13-14, respectively, and are incorporated herein by reference.

CLEVELAND/1246074.2

(g)     a certain Environmental Indemnity Agreement dated August 29, 2007 (the "Environmental Indemnity"), a true and accurate copy of which has been filed as Exhibit 15 and is incorporated herein by reference.

18.     RREF is the current owner and holder of the August 2007 Note, the August 2007 Loan Agreement, the August 2007 Mortgage, the August 2007 Security Agreement, the August 2007 Environmental Indemnity Agreement, the August 2007 Guaranty, and the Notice of Agreement, and all other August 2007 Loan Documents.  The August 2007 Loan Documents were originally executed in favor of non-party Wilshire, but were subsequently assigned to RREF.

19.     The total amount owed by Paradise, D. Kim and J. Kim, jointly and severally, under the August 2007 Loan Documents as of October 14, 2011 is $6,464,444.76, which includes $5,826,040.22 in original principal, interest at the Note Rate of 3.925% from January 31, 2011 to February 28, 2011, then at the default rate of 8.925% through October 14, 2011,[3] together with a 5% fee at maturity (the "August 2007 Indebtedness").

20.     Paradise, D. Kim and J. Kim, jointly and severally, owe the August 2007 Indebtedness to RREF.  The entire amount of the August 2007 Indebtedness is presently due and payable to RREF.

**Defaults Under the Loan Documents**

21.     Paradise is in default under the Loans described above.  Paradise's defaults include failing to pay interest under the August 2007 Loan since February 28, 2011 and failing to pay principal under the August 2007 Loan when it matured on May 31, 2011 in violation of the August 2007 Loan Documents, failure to pay interest owing on the March 2007 Loan since February 5, 2011 in violation of the March 2007 Loan Documents, failing to pay local, state and

---

[3] This equates to $1,444.37 per day for 228 days.

federal taxes in violation of both sets of Loan Documents and failing to maintain its Crowne Plaza franchise as required by the August 2007 Loan Documents.

22.     Under the March 2007 and August 2007 Guaranties, D. Kim unconditionally guaranteed the prompt payment when due of all sums due under the March 2007 and August 2007 Loan Documents.

23.     J. Kim's signature on certain of the August 2007 Loan Documents also evidences her unconditional guarantee of the prompt payment when due of all sums due under the August 2007 Loan Documents.

24.     In addition to its other rights under the Loan Documents, RREF is contractually entitled to the appointment of a receiver for the Property.  Section 6.3 of the March 2007 and August 2007 Loan Agreements provides that during the period of an uncured Event of Default, Paradise irrevocably consents to RREF's appointment of a receiver over the collateral of the Loan, without notice.

## COUNT I
### (for Breach of Contract against Paradise under the Notes, Loan Agreements, and other Loan Documents)

25.     RREF incorporates, as if fully rewritten herein, the foregoing allegations of its Complaint.

26.     The Notes, Loan Agreements, and other Loan Documents are legally-enforceable contractual obligations of Paradise to RREF.  All conditions to Paradise's performance under the Loan Documents have been performed or have occurred.

27.     Paradise has breached its obligations under the Loan Documents.  Paradise's breaches include, but are not limited to, failing to make required payments of principal and interest due under the matured August 2007 Loan in violation of the August 2007 Loan Documents, failing to make payments of interest under the March 2007 Loan as they became due

in violation of the March 2007 Loan Documents, failing to pay local, state and federal taxes when due in violation of both sets of Loan Documents and failing to maintain its franchise as a Crowne Plaza hotel in violation of the August 2007 Loan Documents.

28.     RREF has been damaged by Paradise's breaches under the Loan Documents. RREF is entitled to judgment against Paradise, for the amount of the indebtedness under the March 2007 and August 2007 Loan Documents, plus reasonable attorneys' fees and costs as provided by the Loan Documents.

**COUNT II**
**(for Breach of Contract against Dae In Kim under**
**March 2007 and August 2007 Guaranties)**

29.     RREF incorporates, as if fully rewritten herein, the foregoing allegations of its Complaint.

30.     The March 2007 and August 2007 Guaranties are legally-enforceable contractual obligations of D. Kim.  All conditions to D. Kim's performance under the Guaranties have been performed or have occurred.

31.     D. Kim has breached his obligations under the Guaranties by failing to pay promptly to RREF when due the amount of the Indebtedness under the March 2007 and August 2007 Loan Documents.

32.     RREF has been damaged by D. Kim's breach of the Guaranties.  D. Kim owes to RREF the full amount of the March 2007 and August 2007 Indebtedness.  RREF is entitled to judgment against D. Kim for the Indebtedness plus reasonable attorneys' fees and costs of collection as provided in the March 2007 and August 2007 Loan Documents.

## COUNT III
### (for Breach of Contract against Jane Kim under Guaranty)

33.     RREF incorporates, as if fully rewritten herein, the foregoing allegations of its Complaint.

34.     J. Kim personally signed a Notice of Final Agreement memorializing the terms of the August 2007 Loan, as "Guarantor."  (Exh. 13.)

35.     J. Kim also personally signed the June 2010 Reaffirmation related to the August 2007 Loan as "Guarantor."  (Exh. 14.)

36.     The Notice of Final Agreement and June 2010 Reaffirmation reflect J. Kim's personal guaranty of the August 2007 Indebtedness.  All conditions to J. Kim's performance under the guaranty have been performed or have occurred.

37.     J. Kim has breached her obligations as guarantor by failing to pay promptly to RREF when due the amount of the August 2007 Indebtedness.

38.     RREF has been damaged by J. Kim's breach of her guaranty obligation.  J. Kim owes to RREF the amount of the August 2007 Loan Indebtedness.  RREF is entitled to judgment against J. Kim for the amount of the August 2007 Loan Indebtedness plus reasonable attorneys' fees and costs of collection as provided in the August 2007 Loan Documents.

## COUNT IV
### (for Appointment of a Receiver for the Property)

39.     RREF incorporates, as if fully rewritten herein, the foregoing allegations of its Complaint.

40.     Under the terms of the March 2007 and August 2007 Loan Agreements, Paradise irrevocably consented to the appointment of a receiver, without notice, over all or any part of the Property.  Such a receiver should be appointed to apply the proceeds, over and above the costs of

CLEVELAND/1246074.2

the receivership, against the indebtedness and upon appropriate order of this Court.  The appointment of a receiver is also warranted at law and in equity.

**WHEREFORE,** Plaintiff RREF WB Acquisitions, LLC demands judgment in its favor and against Defendants as follows:

a.  On Count I, that the Court enter a money judgment against Paradise Hospitality, Inc., for the amount of money owing under the March 2007 and August 2007 Loan Documents, plus reasonable attorneys' fees and costs.

b.  On Count II, that the Court enter a money judgment in its favor against Dae in Kim, for the amount of money owing under the March 2007 and August 2007 Loan Documents plus reasonable attorneys' fees and the costs of collection;

c.  On Count III, that the Court enter a money judgment in Plaintiff's favor against Jane Kim, for the amount owing under the August 2007 Loan Documents plus reasonable attorneys' fees and the costs of collections;

d.  On Count IV, that the Court appoint a receiver to take possession of the Property, with the power to preserve and protect it, to operate it, to collect rents, to sell the Property if authorized to do so by the Court, and to apply the proceeds of the foregoing, over and above the cost of the receivership, against Defendants' indebtedness to Plaintiff; and

e.  That the Court issue an Order awarding Plaintiff all other relief the Court finds equitable and just, including reasonable attorneys' fees and costs.

Respectfully submitted,

s/ *Saber W. VanDetta*
Martha S. Sullivan (064040)
Saber W. VanDetta (0075098)
Squire, Sanders & Dempsey (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH  44114
Telephone: :+1.216.479.8500
Fax: +1.216.479.8780
E-mail: martha.sullivan@ssd.com
E-mail: saber.vandetta@ssd.com
Attorneys for Plaintiff
RREF WB Acquisitions, LLC